UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA AND EUGENE MATTHEWS,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
                                           /

Case No. 10-cv-13740

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 13)**,
GRANTING MOTION TO DISMISS** (docket no. 5)**, DENYING MOTIONS
FOR LEAVE TO FILE AN AMENDED COMPLAINT**(docket nos. 6 & 7)**,
DENYING MOTION TO VACATE** (docket no. 14)**, AND DISMISSING CASE**

    Shelia and Eugene Matthews took out a mortgage on their residence in Detroit in 2006.  They defaulted on the loan, leading to the initiation of foreclosure proceedings and a sheriff's sale of their home in 2009.  Nearly nine months after the sheriff's sale, they filed this lawsuit against Mortgage Electronic Registration Systems ("MERS") and the Federal National Mortgage Association ("Fannie Mae") in Wayne County Circuit Court.  The case was timely removed to this Court on the basis of diversity of citizenship, *see* 28 U.S.C. § 1332(a)(1), and the Court referred the matter to a magistrate judge for all pretrial proceedings.  MERS and Fannie Mae moved to dismiss the complaint, and the Matthews asked for leave to amend their complaint to add a number of additional counts and parties.  The magistrate judge issued a Report and Recommendation ("Report") that found in favor of the defendants on all pending motions.  In response, Matthews filed a motion to "vacate" the Report under Civil Rule 60(b).  The Court will adopt the Report and deny the Matthews' new motion.

## STANDARD OF REVIEW

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

## DISCUSSION

I.   <u>Rule 60(b) Motion by Matthews</u>

The plaintiffs did not file timely objections to the Report.  Instead, they filed a motion under Civil Rule 60(b) to "vacate" the Report.  Under certain circumstances, Civil Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding."  The Matthews' claim that evidence discovered after the filing of the Report has revealed (1) violations of the federal Real Estate Settlement Procedures Act ("RESPA") and (2) facts suggesting that the individual who executed the sheriff's sale in this case lacked the authority to do so under state law.  The motion does not challenge any of the findings of fact or conclusions of law the magistrate judge made in the report.  When Defendants responded that this was not a proper basis for objecting to a magistrate judge's report and recommendation, the Matthews did not take the opportunity to correct their

pleadings. On the contrary, they agreed that their arguments "were not presented in the course of filing the original complaint." Matthews' Rep. 2, May 23, 2011, ECF No. 16.

The Court cannot reach the merits of the Matthews' motion because the prerequisites for relief under Rule 60(b) are not in place. The rule only allows relief from "a final judgment, order, or proceeding." A report and recommendation is not even binding, much less "final." It is a proposal for disposing of motions that the district judge "may accept, reject, or modify" as he deems proper. Fed. R. Civ. P. 72(b)(3). To have legal effect, its findings must be adopted in an order by the district judge. Accordingly, the Court must deny this motion. *Payne v. The Courier-Journal*, 193 F. App'x 397, 400 (6th Cir. 2006) (affirming denial of a Rule 60(b) order when a final order had yet to be entered).

II. <u>Impact of *Saurman* on This Case</u>

Despite the Court's freedom to approve the Report without engaging in de novo review, it must address the magistrate judge's conclusion that MERS had the authority to assign a right of foreclosure by advertisement to OneWest. The Report was issued before the Michigan Court of Appeals decided *Residential Funding Co. v. Saurman*, --- Mich. App. ----, 2011 WL 1516819 (April 21, 2011). In a 2-1 decision, the court found that MERS did not hold an interest in the indebtedness sufficient to allow it to foreclose under Mich. Comp. Laws § 600.3204(1)(d), in spite of language in the mortgage contract giving MERS the right to foreclose on the borrower. The mortgage agreement in this case has language identical to the contract the *Saurman* court considered. It is also not relevant to the legality of the foreclosure that MERS assigned its interest in the mortgage to a bank — OneWest — which performed the foreclosure, since MERS could not confer upon the bank a right it did not itself possess in the first place. Under *Saurman*, OneWest lacked the right to foreclose by advertisement on the Matthews home. Since "[d]ecisions of the Michigan Court of

Appeals are indicative of how the Michigan Supreme Court would rule on an issue," *Taco Bell Corp. v. Bloor Automotive, Inc.*, 924 F.2d 1059 (Table), at *3 (6th Cir. Feb. 5, 1991), the magistrate judge's recommendation on the validity of the foreclosure proceedings has likely been rendered erroneous by the intervening decision of the Michigan Court of Appeals.

Nonetheless, the Court can safely conclude that the issue is moot because the six-month redemption period on foreclosures expired by the time the Matthews brought their lawsuit. *See* Mich. Comp. Laws § 600.3236 ("Unless the premises described in shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative . . . ."); *id.* at § 3240(8) (setting a six-month redemption period for standard residential properties); *Stein v. U.S. Bancorp*, No. 10-cv-14026, 2011 WL 740537, at *4–5 (E.D. Mich. Feb. 24, 2011) (enforcing the six-month redemption period in an action designed to throw out a foreclosure on a residential property). The plaintiffs did not object to the magistrate judge's finding that a lack of standing foreclosed their efforts to undo the sheriff's sale, regardless of the validity of the foreclosure. Because the Court agrees with the Report's standing analysis, it adopts that finding as the basis for its ruling. The Court also adopts the Report's findings with respect to the Matthews' claims that do not hinge on an interest in property.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report of the magistrate judge (docket no. 13) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket no. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Matthews' motions to amend their complaint (docket nos. 6 & 7) and motion to vacate (docket no. 14) are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 28, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager